Citation Nr: 1126173 
Decision Date: 07/12/11 Archive Date: 07/19/11

DOCKET NO. 07-09 915A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in New Orleans, Louisiana


THE ISSUES

1. Entitlement to service connection for the cause of the Veteran's death. 

2. Entitlement to Dependency and Indemnity Compensation (DIC) under the provisions of 38 U.S.C.A. § 1318.
 
3. Entitlement to accrued benefits based on an effective date earlier than July 22, 1996 for the grant of service connection for residuals of cold injuries, bilateral lower extremities. 

4. Entitlement to accrued benefits based on an earlier effective date for the grant of total disability rating based on individual unemployability (TDIU) due to service-connected disabilities. 



REPRESENTATION

Appellant represented by: Joseph R. Moore, Attorney at Law


WITNESSES AT HEARING ON APPEAL

Appellant, daughter and son-in-law


ATTORNEY FOR THE BOARD

M. Harrigan Smith, Counsel


INTRODUCTION

The Veteran served on active duty from March 1946 to December 1947 and from August 1950 to August 1951. He died on November [redacted], 2003. The appellant is the Veteran's surviving spouse.

This matter comes before the Board of Veterans' Appeals (Board) from rating decisions by the Department of Veterans Affairs (VA) Regional Office (RO) in New Orleans, Louisiana. In an August 2004 rating decision, the RO denied service connection for the cause of the Veteran's death, entitlement to DIC under the provisions of 38 U.S.C.A. § 1318 and an earlier effective date for TDIU. 

At her May 2006 hearing at the RO in front of a Decision Review Officer (DRO hearing), the appellant claimed entitlement to an earlier effective date for the Veteran's service-connected residuals of cold injuries to both lower extremities. The Veteran had been granted service connection for 30 percent disability ratings for each leg for residuals of cold injuries in both lower extremities in a November 2002 rating decision, with an effective date of August 27, 2001. 

In March 2007, the RO found clear and unmistakable evidence in a 1998 rating decision that denied service connection for residuals of cold injuries involving both lower extremities. The RO granted a new effective date of July 22, 1996 for a 30 percent disability rating for residuals of cold injuries on the bilateral lower extremities and assigned separate 30 percent disability ratings for each leg as of January 12, 1988.

In March 2008, the appellant testified at a videoconference hearing before the undersigned Veterans Law Judge; a copy of this transcript is associated with the record. At this hearing, the appellant, through her representative, claimed clear and unmistakable evidence in a December 1951 rating decision which granted service connection for the Veteran's a strained muscle on the dorsum of the Veteran's left foot. The appellant claimed that the Veteran was actually suffering from residuals of cold injuries to his foot, and that there was a misdiagnosis. 

In May 2009, the Board denied service connection for the cause of the Veteran's death, and remanded the issues of entitlement to DIC under the provisions of 38 U.S.C.A. § 1318, entitlement to accrued benefits based on an effective date earlier than July 22, 1996 for the grant of service connection for residuals of cold injuries, bilateral lower extremities and entitlement to accrued benefits based on an earlier effective date for TDIU. The appellant appealed the Board's denial of entitlement to service connection for the cause of the Veteran's death to the United States Court of Appeals for Veterans Claims (Court). In an October 2010 Order, the Court granted an October 2010 Joint Motion for Remand (Joint Remand) which vacated and remanded the Board's decision regarding the appellant's claim for entitlement to service connection for the cause of the Veteran's death for further development consistent with its instructions. The Court noted that the issues which had been remanded by the Board were not before the Court.

The appeal is REMANDED to the RO via the Appeals Management Center (AMC), in Washington, DC. VA will notify the appellant if further action is required.


REMAND

In its October 2010 Joint Remand, the Court found that the Board had not ensured compliance with its instructions to a VA examiner. The Court referred to the Board's March 2009 request to the Veterans Health Administration (VHA) medical expert for an advisory opinion (VHA opinion), in which the Board requested the examiner to provide an opinion as to the likelihood that the Veteran's service-connected residuals of a bilateral cold injuries to the lower extremities, alone or in conjunction with his other diagnosed conditions, caused the Veteran's fatal cardiomyopathy, and, if causation was not found, the likelihood that the Veteran's service-connected residuals of bilateral cold injuries to the lower extremities, along or in conjunction with his other diagnosed conditions, hastened his death by aggravating his fatal cardiomyopathy. The Court noted that the VHA examiner who responded to this request only provided an opinion as to causation-that the Veteran's frostbite was not responsible in any way for the cause of the Veteran's cardiomyopathy, his diabetes mellitus, type 2 or his hypertension. The VHA examiner did not opine as to whether his service-connected residuals of cold injuries to his lower extremities aggravated his cardiomyopathy, hastening the Veteran's death. In its Joint Remand, the Court instructed the Board to return the examination for compliance with its original instructions. As such, the Veteran's claims file should be forwarded to an appropriate specialist in order to obtain an opinion as to whether his service-connected cold injury residuals in his lower extremities aggravated his cardiomyopathy beyond the natural progression of the illness, and hastened the Veteran's death.

In the May 2009 remand, the Board noted that, at her videoconference hearing, the appellant's representative claimed that there was CUE in a December 1951 which granted service connection for the Veteran's strained muscle in the dorsum of his left foot, and that the appellant contended that the grant was based upon a misdiagnosis-that the Veteran was actually suffering from cold injury residuals of the lower extremities. At that time, the AOJ had not adjudicated the CUE issue, which the Board found to be inextricably-intertwined with the issues of entitlement to DIC under the provisions of 38 U.S.C.A. § 1318 and the issues of earlier effective dates for the grant of service connection for the Veteran's residuals of cold injuries of his lower extremities and for his TDIU rating, for accrued benefit purposes. The Board indicated that the CUE issue needed to be adjudicated by the AOJ prior to an appellate decision on the remaining issues, as a finding of CUE in the December 1951 rating decision would have a significant impact on the issues on appeal. See Harris v. Derwinski, 1 Vet. App. 180, 183 (1991) (holding that where a decision on one issue would have a "significant impact" upon another, and that impact in turn could render any appellate review on the other claim meaningless and a waste of judicial resources, the two claims are inextricably intertwined). The Board notes that action has not yet been undertaken by the RO on the appellant's CUE claim regarding the 1951 rating decision, and that this issue still must be adjudicated before the Board can make a decision with regard to the issues of entitlement to DIC under the provisions of 38 U.S.C.A. § 1318 and the issues of earlier effective dates for the grant of service connection for the Veteran's residuals of cold injuries of his lower extremities and for his TDIU rating, for accrued benefit purposes. For the sake of consistency, the Board has included in this remand the instructions for the required development also set out in its May 2009 remand. 

Accordingly, the case is REMANDED for the following action:

1. The AOJ should make arrangements for the Veteran's claims file to be forwarded to an appropriate specialist, in order to obtain an opinion as to whether the Veteran's service-connected cold injuries to his lower extremities caused or aggravated any of his medical issues, including his fatal cardiomyopathy, beyond the natural progression of the illness, and hastened his death. The claims file, this remand must be made available to the specialist(s) for review of the pertinent evidence in connection with rendering the opinion(s), and the report(s) should so indicate.

The specialist should offer an opinion as to (1) whether it is at least as likely as not (50 percent or more probability) that the Veteran's cardiomyopathy was proximately due to his service-connected residuals of cold injuries to his lower extremities, (2) whether it is at least as likely as not (50 percent or more probability) that the Veteran's cardiomyopathy was aggravated by his service-connected residuals of cold injuries to his lower extremities beyond the natural progression of the disease, if so, whether such aggravation hastened the Veteran's death, and (3) whether it is at least as likely as not (50 percent or more probability) that the Veteran's cardiomyopathy, on its own or in conjunction with his other medical issues-including diabetes mellitus, hypertension, chronic renal insufficiency, atherosclerotic heart disease, and cardiac dysrhythmias-hastened the Veteran's death. 

The specialist should specifically comment on the conflicting opinions in the record, including the January 2004, July 2004, April 2005, May 2005 and July 2007 opinions contained in the claims file. The specialist should also review the VHA opinion request and review and comment on the actual April 2009 VHA opinion. Finally, the specialist should review and comment on the April 2011 private opinion submitted by the appellant and her representative. 

The specialist should clearly outline the rationale and discuss the medical principles involved for any opinions expressed. If the requested medical opinions cannot be given, the specialist should state the reason why.

2. The AOJ should adjudicate the appellant's claim of CUE in a December 1951 rating decision, taking into consideration the contentions set forth by at her March 2008 videoconference hearing.

3. If the CUE claim is denied, the AOJ should provide the appellant with notice of her appellate rights. Upon receipt of a timely notice of disagreement, if any, the AOJ should furnish the appellant and her attorney a statement of the case with citation to and discussion of all applicable law and regulations. Thereafter, if the appellant files a timely substantive appeal concerning the CUE issue, the AOJ should certify the issue for appellate review.

4. Following completion of the above development, the AOJ should readjudicate the appellant's claims. If the benefits sought remain denied, the appellant and her attorney should be furnished a supplemental statement of the case and given an opportunity to respond thereto.


The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2010).



_________________________________________________
A. BRYANT
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2010).